**Nathaniel ISONG, Plaintiff,**

v.

**APEX PETROLEUM CORPORATION, et al. Defendants.**

**No. CIV.A. 02–1053(RBW).**

United States District Court, District of Columbia.

June 10, 2002.

Nathaniel Sims, Esq., Washington, Co–Counsel for Plaintiff.

Andy Anya, Esq., Washington, Co–Counsel for Plaintiff.

Paul Adam Turkheimer, Meyers, Rodbell & Rosenbaum, P.A., Riverdale, MD, Counsel for Defendants.

## MEMORANDUM OPINION & ORDER

WALTON, District Judge.

This matter is before the Court on plaintiff's application for a temporary restraining order [# 2]. For the reasons set forth below, the motion is denied.

Plaintiff has instituted this action against defendants Apex Petroleum Corporation and Anthony Onianwah for breach of contract. Plaintiff alleges that he and defendant Onianwah entered into a contract whereby Onianwah would sell "Apex Petroleum Corporation," located at 2830 Sherman Avenue, NW, Washington, D.C., to plaintiff for a certain sum of money. (Compl.¶ 1.)[1] Plaintiff alleges Onianwah breached this contract by failing to sell the property at issue to plaintiff after plaintiff had provided "valuable consideration" to Onianwah. (*Id.* ¶ 2.) Plaintiff alleges that Onianwah promised to sell plaintiff another gas station located in Baltimore, Maryland, after Onianwah repaired it. (*Id.* ¶ 3.) However, the repairs of the substitute property were not completed and therefore plaintiff refused to accept it. (*Id.*) Despite these circumstances, defendant has refused to refund plaintiff's money and initiated proceedings to evict plaintiff from property plaintiff has failed to identify,[2] utilizing what plaintiff alleges are "forged documents," that contain a requirement

---

1. References to "Compl." are to the Complaint that was filed in this matter on May 30, 2002.

2. It is not clear from plaintiff's pleadings from which property plaintiff is being evicted because he alleges that defendant Onianwah

leased the property titled "Apex Petroleum Corporation" to another party and then offered to sell plaintiff other property located in Baltimore, which plaintiff refused to accept. (Pl.'s App. at 3.) Therefore, if the property located at Sherman Avenue was leased to another person and plaintiff refused to accept

that plaintiff pay rent, something plaintiff alleges he never agreed to. (*Id.* ¶ 4.)

In his Application for a Temporary Restraining Order ("Pl.'s App"), plaintiff asks this court to enjoin defendant from proceeding with his effort to evict him. Plaintiff alleges that he "will be out of pocket in the amount of $95,000.00 if he does not receive any remedy for the breach occasion [sic] by the non performance of the defendant." (Pl.'s App. at 4.) [3]

■ The Court must apply the familiar four-pronged test in determining whether plaintiff is entitled to injunctive relief. This test requires the Court to ask (1) whether plaintiff has demonstrated that there is a substantial likelihood that he will prevail on the merits of his breach of contract claim; (2) whether plaintiff has shown that he would be irreparably harmed if injunctive relief is not awarded; (3) whether the issuance of injunctive relief would not "substantially harm" the other parties; and (4) whether awarding the relief is in the public interest. *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir. 1977) (citing *Virginia Petroleum Jobbers Assoc. v. Federal Power Comm'n*, 259 F.2d 921, 925 (D.C.Cir.1958)).

■ Besides failing to provide any evidence, other than his own allegations, that he is likely to succeed on his breach of contract claim, more importantly, plaintiff has failed to demonstrate that in the absence of injunctive relief, he will suffer irreparable harm for which there is no

remedy at law. Plaintiff alleges that he will be "out of pocket" in the amount of $95,000.00 if injunctive relief is not granted. However, "[i]t is ... well settled that economic loss does not, in and of itself, constitute irreparable harm." *Wisconsin Gas Co. v. Federal Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C.Cir.1985); *Southland Corp. v. Godette*, 793 F.Supp. 348, 351 (D.D.C.1992) (denying plaintiff injunctive relief where its "injuries [were] at bottom economic ..."). Although "recoverable monetary loss may constitute irreparable harm ... where the loss threatens the very existence of the movant's business," *Wisconsin Gas Co.*, 758 F.2d at 674, in this case plaintiff does not allege that he will sustain an injury of this nature. The only harm plaintiff alleges he will suffer is the loss of $95,000.00, which he can recover when and if he establishes that there was a valid contract for the sale of the property between the parties and it was breached by the defendant.[4] *See Virginia Petroleum Jobbers Assoc.*, 259 F.2d at 925 ("[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.").

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Application for Temporary Restraining

Order is denied.

---

the substitute property, it is not clear from which property plaintiff is allegedly being evicted. Presumably, plaintiff is referring to the Sherman Avenue property, but the Court would have to speculate to reach this conclusion based on what is alleged in plaintiff's pleadings.

3. Noteworthy, in his complaint, plaintiff seeks essentially the same relief: actual damages in

the amount of $95,000.00; compensatory damages in the amount of $100,000.00; and punitive damages in an amount to be determined by the Court. (*Id.* ¶ 5.)

4. Since the filing of his application for a temporary restraining order, defendants have filed a joint motion to dismiss plaintiff's complaint.